UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ELMORE LEWIS, ET AL                     CIVIL ACTION

VERSUS                                  NO. 08-1130

ALLSTATE INSURANCE COMPANY              SECTION "C" (3)


ORDER AND REASONS

This matter comes before the Court on motion for summary judgment filed by the defendant, Allstate Insurance Company ("Allstate"), a Write-Your-Own ("WYO") Program carrier participant in the National Flood Insurance Program ("NFIP"), appearing in its fiduciary capacity as fiscal agent of the United States. Having considered the record, the memoranda of counsel and the law, the Court has determined that summary judgment is appropriate for the following reasons.

The plaintiffs sue for Katrina-related damages allegedly covered by their Standard Flood Insurance Policy ("SFIP") issued through the NFIP and written by Allstate. The undisputed facts indicate that after inspections of the property, the

1

defendant paid to the plaintiffs $28,699.53 (building) and $11,600.00 (contents) on December 20, 2005. The plaintiffs sold the property in April 2006 without repairing it and submitted a cancellation request form on August 16, 2006, which included a copy of the act of sale. On August 28, 2006, the plaintiffs, through counsel, submitted a proof of loss with no supporting documentation attached for additional amounts allegedly owed for building damage. Allstate advised counsel for the plaintiffs that the supplemental proof of loss was "rejected" on September 9, 2006. Suit was filed on February 26, 2008, and documentation consisting of a estimate from a contractor was provided on December 5, 2008.

The defendant argues that the proof of loss and supporting documentation was filed after the one year SFIP deadline with the FEMA waiver[1], and that the lone proof of

---

[1] On August 31, 2005, David Maurstad, Acting Federal Insurance Administrator, waiving the requirement that the insured file a proof of loss prior to receiving insurance proceeds, and allowing as follows"
> In the event a policyholders disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder may submit to the insurer a proof of loss within one year from the date of the loss. The proof of loss must meet the requirements of VII.J.4 of the SFIP Dwelling or General Property Form or VIII.J.4 of the SFIP Residential Condominium Building Association Policy Form. The insurer will then process the policyholder's proof of loss in its normal fashion. If the insurer rejects the proof of loss in whole or in part, the policy holder may file a lawsuit against the insurer within one year of the date of written denial of all or part of the claim as provided in VII.R of the SFIP Dwelling or General

2

loss was insufficient due to the lack of supporting documentation under Art. VII(J)(3), VII(J)(4)(f) and VII(R) of the SFIP.[2] It also argues that state law claims are preempted.[3] The plaintiffs argue in opposition that determination of the adequacy of the proof of law is one of fact, and that the supporting documentation need not be attached physically to the proof of loss. They also argue that the defendant must consider the adjuster's evidence, and that Allstate is not the United States and must pay for its negligence. They also argue that "it makes no sense" to provide the information relative to personal property, and that they did not have the repair receipts since the property had not been repaired. They also claim that the defendant had the

---

Property Form or VIII.R of the SFIP Residential Condominium Building Association Policy Form.
(Rec, Doc. 15, Exh. 3). See *Eichaker v. Fidelity National Property & Casualty Insurance Co.*, 2008 WL 2308959 (E.D.La.).

[2] Article VII(J)(3) of the SFIP requires the policyholder to "[p]repare an inventory of damaged property, showing the quantity, description, actual cash value and amount of loss. Attach all bills, receipts, and related documents" in conjunction with the proof of loss. Article VII(J)(4) requires the proof of loss which provides certain specified information, including "specifications of damaged building and detailed repair estimates." Article VII(R) precludes suit "unless you have complied with all the requirements of the policy."

[3] The plaintiffs' do not address the preemption issue.

information it needed by virtue of the earlier adjustors' reports, among other sources.[4]

The Court need not go further than examining the timeliness and sufficiency of the proof of loss and the filing of this suit. Suit was filed more than one year after the supplemental proof of loss was "rejected" in Allstate's September 9, 2006, letter. In the subsequent letter from Allstate on February 26, 2007, which addressed the documentation requirements to "reopen" the same supplemental claim, the plaintiffs' counsel was informed that "[w]e will close this supplemental claim without payment until such paperwork is received." (Rec. Doc. 11, Exh. 5). Although the suit was filed within one year from the date of that latter letter, there is no evidence that the letter constituted a distinct "rejection," a rejection of a distinct claim, or that the defendant otherwise waived the requirement that suit be filed in a timely manner.

In addition, the Court finds that the proof of loss submitted was deficient due to the lack of <u>any</u> supporting documentation prior to filing suit. *Markey v. La. Citizens Fair Plan*, 2009 WL 23858 (E.D.La.); *Eichaker*, *supra*. The fact that the plaintiffs had previously dealt with the adjustors with regard to their initial claim is of no moment; FEMA's August 31, 2005, waiver provided the extended deadline for filing the

---

[4] The plaintiffs also argue the merits of their claims regarding the manner in which the loss had been determined. The Court does not address these issues.

4

supplemental proof of loss was conditioned on full compliance with the SFIP requirements. "Under FEMA regulations, strict adherence is required to all terms of the SFIP." *Marseilles Homeowners Condominium Ass'n, Inc. v. Fidelity National Insurance Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008), quoting *Forman v. FEMA*, 138 F.3d 543, 545 (5th Cir. 1998).

Accordingly,

IT IS ORDERED that the motion for summary judgment filed by the defendant, Allstate Insurance Company is GRANTED. (Rec. Doc. 11).

New Orleans, Louisiana, this 26th day of February, 2009.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE